UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| DARRIAN JOHNSON,<br><br>Petitioner,<br><br>vs.<br><br>SHERIFF MIKE MILSTEAD; THE ATTORNEY GENERAL OF THE STATE OF SOUTH DAKOTA;<br><br>Respondents. | 4:24-CV-04094-ECS<br><br><br><br>ORDER DENYING PETITIONER'S MOTION FOR RELIEF |

Petitioner Darrian Johnson filed a Motion for Relief, Doc. 23, asking this Court to reopen its prior Judgment, Doc. 22, which dismissed his habeas petition. Because Johnson's motion contains a claim for collateral relief, his motion is construed as a successive habeas petition under 28 U.S.C. § 2244. And Johnson has not obtained permission from the Eighth Circuit to file this successive petition. Thus, his Motion for Relief, Doc. 23, is denied.

I. **Background**

On May 13, 2024, Johnson petitioned for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging a 2007 conviction for aggravated assault and a 2021 conviction for possession of a controlled substance. Doc. 1 at 1, 9. His petition protested the use of his prior convictions "for sentence enhancement and impeachment purposes" in his current 2022 state criminal case for murder. Id. at 8. This Court initially referred his petition to a United States Magistrate Judge under 28 U.S.C. § 636(b)(1)(B) and the District of South Dakota's Civil Local

1

Rule of Practice 72.1.A.2(b), which designates to the magistrate judge the duty of preparing proposed findings and recommendations for the disposition of habeas petitions.

Magistrate Judge Veronica L. Duffy screened Johnson's petition and issued an Order to Show Cause, requesting that Johnson show why his "petition should not be dismissed as untimely, procedurally defaulted, or both." Doc. 6. After the parties responded to the order, Judge Duffy filed a Report and Recommendation ("R&R") recommending that Johnson's petition be dismissed with prejudice. Doc. 20 at 17. Judge Duffy recommended dismissal with prejudice because this Court has no jurisdiction to review claims related to Johnson's 2007 and 2021 convictions as they were time-barred and not subject to statutory or equitable tolling. Id. at 11, 17. Johnson did not object to the R&R. After reviewing the R&R de novo, this Court adopted the R&R and entered a Judgment dismissing Johnson's petition with prejudice. Docs. 21, 22.

A little more than a month later, Johnson requested relief from this Court's Judgment pursuant to Federal Rule of Civil Procedure 60(b). Doc. 23.

## II. Legal Standard

Pursuant to Rule 60(b), a "court may relieve a party . . . from a final judgment" for the following reasons: "(1) mistake, inadvertence, surprise, or excusable neglect . . . or (6) any other reason that justifies relief." "A district court should grant a Rule 60(b) motion only upon an adequate showing of exceptional circumstances." Richards v. Aramark Servs., Inc., 108 F.3d 925, 927 (8th Cir. 1997) (cleaned up). A "district court has wide discretion in ruling on a Rule 60(b)(6) motion." Jones v. Swanson, 512 F.3d 1045, 1048 (8th Cir. 2008) (citation omitted); see also Noah v. Bond Cold Storage, 408 F.3d 1043, 1045 (8th Cir. 2005) ("Reversal of a district

2

court's denial of a Rule 60(b) motion is rare because Rule 60(b) authorizes relief in only the most exceptional of cases." (citation omitted)).

In the habeas context, a court may dismiss a Rule 60(b) motion if it determines the "motion is actually a second or successive habeas petition" and the petitioner "fail[ed] to obtain authorization from the Court of Appeals" before filing it. Boyd v. United States, 304 F.3d 813, 814 (8th Cir. 2002) (per curiam). "A Rule 60(b) motion is a second or successive habeas corpus application if it contains a claim." Ward v. Norris, 577 F.3d 925, 933 (8th Cir. 2009). A "claim is defined as an 'asserted federal basis for relief from a state court's judgment of conviction' or as an attack on the 'federal court's previous resolution of the claim on the merits.'" Id. (emphasis omitted) (quoting Gonzalez v. Crosby, 545 U.S. 524, 530, 532 (2005)). "'On the merits' refers 'to a determination that there exist or do not exist grounds entitling a petitioner to habeas corpus relief under 28 U.S.C. §§ 2254(a) and (d).'" Id. (citation omitted). A Rule 60(b) motion is not a second or successive petition, however, when it "merely asserts that a previous ruling which precluded a merits determination was in error—for example, a denial for such reasons as failure to exhaust, procedural default, or statute-of-limitations bar." Id. (citation omitted).

### III. Discussion

For the most part, Johnson's motion repackages the same arguments he has already made to this Court. For example, Johnson asserts he is entitled to equitable tolling on the applicable statute of limitations for filing a habeas petition on his 2021 conviction because he was "lulled" into inaction by the plea-bargaining process. Doc. 23 at 2–4. Johnson also claims that his state court convictions and the state courts' refusal to consider his post-conviction challenges stem from racial discrimination. See generally id.

Yet Johnson's motion does raise one potentially new argument. He argues that this Court should not have dismissed his 2021 habeas petition as untimely because of his "2021 counsel's deficient performance, in that counsel failed to consult with Petitioner about an appeal he would have otherwise taken." Id. at 4. On this ground, Johnson maintains the statute of limitations for his 2021 conviction is subject to equitable tolling. Id. Based on this analysis, Johnson contends he is entitled to habeas review "pursuant to Rule 60(b)(1)." Id.

A. **Successive Habeas Petition**

Johnson's motion asserts a federal basis for relief[1] or, in other words, contains a "claim." See Ward, 577 F.3d at 933. "When a Rule 60(b) motion presents a claim, it *must* be treated as a second or successive habeas petition under [the Antiterrorism and Effective Death Penalty Act]." Id. (emphasis added). Because Johnson's motion contains a claim, it constitutes a successive habeas petition. District courts may not accept a successive petition until the circuit court "determine[s] that it presents a claim not previously raised that is sufficient to meet § 2244(b)(2)'s new-rule or actual-innocence provisions." Gonzalez, 545 U.S. at 530 (citing 28 U.S.C. § 2244(b)(3))). Johnson has not obtained permission from the Eighth Circuit to file a successive habeas petition. Thus, this Court must deny Johnson's motion. See 28 U.S.C. § 2244(b) (district courts should dismiss successive habeas petitions unless petitioner has received an order from the appellate court "authorizing the district court to consider the application").

---

[1] Johnson alleges he was denied "equal protection of the law," "a fair trial," and other "federally protected constitutional rights." Doc. 23 at 2–3.

4

### B. Exceptional Circumstances

Even if this Court considers Johnson's arguments on equitable tolling, he fails to show exceptional circumstances that warrant reopening his habeas case. Johnson's motion argues that the statute of limitations on his 2021 conviction should be equitably tolled. Doc. 23 at 2–3. These arguments, unlike the claims mentioned above, do not assert a federal basis for relief from his state court conviction. See Ward, 577 F.3d at 933. Generally, courts may properly consider arguments like Johnson's under Rule 60(b) as long as a petitioner's motion is not a successive habeas petition. See Harden v. Gage, No. 13CV356, 2021 WL 1721604, at *2 (D. Neb. Apr. 30, 2021) (determining that petitioner's Rule 60(b) motion attacking court's previous ruling on statute of limitations "is properly considered as a motion for relief from judgment under Rule 60(b)"). The problem for Johnson is that by raising claims in his Rule 60(b) motion he transformed his entire motion into a successive habeas petition that this Court cannot consider. See Ward, 577 F.3d at 933.

But even if Johnson's motion were not a successive habeas petition, he cannot establish exceptional circumstances. Judge Duffy's reasoning in her R&R, which this Court adopted in full, forecloses Johnson's arguments. Judge Duffy stated:

> Here, given the nature of Mr. Johnson's claims, he cannot show equitable tolling based upon extraordinary circumstances which prevented him from timely filing. Mr. Johnson knew at the time of his sentencing what sentence the state court judge imposed. Mr. Johnson did not immediately appeal this sentence, **nor does Mr. Johnson claim he asked his lawyer to appeal this sentence**. Mr. Johnson points to no circumstance external to himself that would constitute extraordinary circumstances allowing the court to apply equitable tolling.

Doc. 20 at 14 (emphasis added).

Furthermore, because Johnson's motion reargues points he has previously made, he "attempts to use Rule 60(b) as an impermissible substitute for a timely appeal." Int'l Bhd. of Elec. Workers, Loc. Union No. 545 v. Hope Elec. Corp., 293 F.3d 409, 416 (8th Cir. 2002).

5

Courts have prevented "abusive litigation by denying Rule 60(b)(1) motions alleging errors that should have been raised sooner (*e.g.*, in a timely appeal)." Kemp v. United States, 596 U.S. 528, 538 (2022).[2] Johnson also raises arguments that he could have made earlier.[3] In short, Johnson fails to show exceptional circumstances that warrant reopening his habeas case. Thus, his Motion for Relief, Doc. 23, is denied.

## IV. Order

For the above reasons, and the record as it now exists before this Court, it is hereby ORDERED that Johnson's Motion for Relief, Doc. 23, is denied. It is further ORDERED that no certificate of appealability will issue. 28 U.S.C. § 2253(c)(2).[4]

DATED this 28 day of May, 2025.

BY THE COURT:

ERIC C. SCHULTE
UNITED STATES DISTRICT JUDGE

---

[2] See Arnold v. Wood, 238 F.3d 992, 998 (8th Cir. 2001) (holding that district court did not abuse its discretion in denying a Rule 60(b) motion that "largely reasserted contentions made in earlier motions"); Hartman v. Lauchli, 304 F.2d 431, 432 (8th Cir. 1962) ("Rule 60(b) was not intended as a substitute for a direct appeal from an erroneous judgment. The fact that a judgment is erroneous does not constitute a ground for relief under the Rule."); Davis v. Buckner, No. 19-CV-2721, 2020 WL 409007, at *2 (E.D. Mo. Jan. 24, 2020) ("Reassertion of prior contentions is not the purpose of Rule 60(b).").

[3] Johnson could have raised these issues in objections to Judge Duffy's R&R, Doc. 20, or timely moved for a certificate of appealability from the Eighth Circuit so that he could appeal this Court's order dismissing his petition, Doc. 21. Johnson does not explain in his Motion for Relief, Doc. 23, why he failed to bring these arguments earlier.

[4] "[T]he certificate requirement applies to an appeal from the denial of a Rule 60(b) motion . . . ." United States v. Lambros, 404 F.3d 1034, 1036 (8th Cir. 2005).